TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VERONICA SANDERS-LEE, an individual;<br><br>    Plaintiff,<br><br>  vs.<br><br>COUNTY of CLARK, a Political Subdivision of the State of Nevada;<br><br>    Defendant. | CASE NO:<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW, Plaintiff VERONICA SANDERS-LEE (hereinafter, "Plaintiff"), by and through her counsel, Trevor J. Hatfield, Esq., of the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendant as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff, residing in Las Vegas, Clark County, Nevada, was and is an individual residing in the State of Nevada and was employed by Defendant, a political subdivision of the State of Nevada.

2. At all times relevant hereto, Defendant is an "employer" as defined by federal common law. Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

3. Defendant regularly employs fifteen or more persons.

1

4.  All acts which form the basis of this complaint occurred during Plaintiff's employment with Defendant.

**JURISDICTION AND VENUE**

5.  The Defendant is now and was at all times mentioned herein an "employer" of the Plaintiff within the definition of 42 U.S.C. § 12101, Title I and V or the American's with Disabilities Act of 1990, and amendments thereto, (ADAA) and 42 U.S.C. Section(s) 1201 *et seq.* and laws of the State of Nevada.

6.  The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

7.  Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendant resides or resided, and/or regularly conducts business and where all the wrongful conduct occurred.

**ADMINISTRATIVE PREREQUISITES**

8.  Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

9.  Plaintiff was terminated from her employment on or about December 18, 2018, and Plaintiff thereafter timely filed a formal charge of discrimination with the Nevada Equal Rights Commission [hereinafter "NERC"].  NERC has a file sharing agreement with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

///

10. Plaintiff promptly and diligently accommodated all NERC and EEOC requests for information and fully cooperated in the investigation of his charge.

11. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

12. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## FACTUAL ALLEGATIONS

13. Plaintiff is a qualified individual with a disability within the meaning of the ADAA.

14. Plaintiff was hired by Defendant on September 10, 2018 as a Senior Family Services Specialist, a social worker position. She was provided training called Academy for four months' time in preparation for working in the Department of Family Services. During her training, Plaintiff was informed that she was to take a field trip where walking was required. A bus was provided for part of the trip and Plaintiff was able to walk the rest of the way with a cane, but she had difficulty walking the long distances. Plaintiff then informed her supervisor that she has a medical condition, a disability, that prevents Plaintiff from walking long distances on December 7, 2018, and requested a reasonable accommodation: that she not be required to walk long distances. She provided a letter from her doctor advising Defendant of her disability.

15. Defendant met with Plaintiff on December 12, 2018. Defendant informed Plaintiff she was disabled, however Defendant had unilaterally determined that she cannot perform the functions of her job, required to be able to walk long distances and if she cannot then no accommodation would be provided to her on December 17, 2018. Plaintiff had been cross-trained in three different positions, one of which did not require any walking. However, Defendant refused to accommodate Plaintiff. Plaintiff was never late to any Academy classes or had any problems performing her job duties.

16. Plaintiff informed Defendant's Office of Diversity that she was being subjected to discrimination to no avail. Director Sandy Jeantete wrote correspondence to Plaintiff on December 17, 2018 that informed her that she was terminated three days before graduating from the Academy.

17. At all relevant times, Plaintiff fully, adequately, and completely performed all functions, duties, and responsibilities of her employment with Defendant.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## Wrongful Termination Under the ADAA

18. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

19. Defendant refused to engage in any interactive process and refused to provide a reasonable accommodation to Plaintiff even though a reasonable accommodation was requested by Plaintiff.

20. Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in his position because of his disability.

21. Defendant's termination of Plaintiff was not based upon any other reasonable reason and was discriminatory as to Plaintiff. Defendant terminated Plaintiff without just cause and because of her disability.

22. Such adverse employment actions by Defendants were in violation of the ADAA.

23. Following Defendant's termination of Plaintiff, based upon information and belief, Plaintiff was replaced by a non-disabled individual.

24. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering,

mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

25. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

26. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## SECOND CAUSE OF ACTION

### Retaliation Under the ADAA

27. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

28. Defendant refused to interact with Plaintiff and refused to provide Plaintiff with reasonable accommodation for her disability, although Plaintiff was capable of performing her duties if she had been accommodated.

29. Defendant continually, intentionally, and in a discriminatory manner refused to accommodate Plaintiff in her position because of her disability.

30. Plaintiff was terminated in retaliation for attempting to engage in the interactive process with Defendant that is required by federal and state law for persons seeking a disability in the workplace and for disability discrimination.

31. Defendant's termination of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff. Defendants terminated Plaintiff without just cause and because of her disability.

///

32. Such retaliatory adverse employment actions by Defendant was in violation of the ADAA.

33. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

35. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

36. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

### THIRD CAUSE OF ACTION

### Violation of Nevada Statutory Protections

37. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

38. NRS § 613.330 makes it unlawful for an employer to discriminate against any employee because of their disability. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to disability related and motivated discriminatory practices, and retaliatory actions all of which are illegal activities as directed, ratified tolerated by his employers and Plaintiff was discriminated against due to his disability.

///

///

39. As a direct and proximate result of Defendant's violation of Nevada law, Plaintiff suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

40. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

41. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiffs to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiffs are entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and reinstatement to a position Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Plaintiff for general damages within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages.

5. An award to Plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

6. An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

1  7. Such other and further relief as this Court deems just and appropriate.

2  Dated this 5th day of January 2020.    **HATFIELD & ASSOCIATES, LTD.**

By:  /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703    South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
 *Attorney for Plaintiff*